FILED

Luan Mai, Esq. (FL Bar: 107006)
Price Law Group, APC
1204 E. Baseline Road., Suite 102
Tempe, AZ 85283
Tel: 818-205-2430
luan@pricelawgroup.com
Attorneys for Plaintiff,
Cynthia Sessions

2016 MAY 20  PM 3: 15

MIDDLE DISTRICT FLORIDA
ORLANDO, FL

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Cynthia Sessions,

        Plaintiff,

    vs.

Credit One Bank N.A.; and DOES 1 to 10
inclusive

        Defendant.

Case No.: 6:16-CV-807-ORL-40-KRS .

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

   1.  TCPA, 47 U.S.C. § 227
   2.  FCCPA, FLA. STAT. § 559.72

**(Unlawful Debt Collection Practices)**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Cynthia Sessions ("Plaintiff"), through her attorneys, alleges the following against Defendant, Credit One Bank, N.A. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT. § 559.72, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Plaintiff resides in the State of Florida, and therefore, personal jurisdiction is established.

4.  Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Winter Park, Orange County, Florida.

7. Plaintiff is a "debtor" as defined by FLA. STAT. § 559.55(8).

8. Defendant is a "consumer collection agency" as contemplated by FLA. STAT. § 559.55(3), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national banking association with its headquarters located in Las Vegas, Nevada. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In an attempt to collect on one or more alleged consumer accounts, Defendant began calling Plaintiff, in or around February 2016, on her cellular phone number, (662) 425-2183 from the following numbers: (877) 825-3242, (541) 647-6430, (725) 333-7210, (323) 400-4220, (209) 218-6013, (360) 928-7144, (361) 271-1850, (206) 519-6609, (206) 519-6609, (901) 530-1681, (901) 530-1737, (901) 530-1720, and (901) 530-1730. Upon information and belief, these numbers are owned or operated by Defendant.

11. On February 20, 2016, at 9:30 a.m. Plaintiff answered a call from (877) 825-3242; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

12. Plaintiff instructed Defendant not to contact her any further.

13. Between February 20, 2016 to February 24, 2016, Plaintiff was called no less than four (4) times after requesting she no longer be contacted.

14. On February 25, 2016, at 5:38 p.m. Plaintiff answered a call from (877) 825-3242.  The call was dropped so Plaintiff immediately called back and spoke with a representative of Defendant.  During this call, Plaintiff instructed Defendant not to contact her any further for the second time.  Less than two hours after the request was made, Plaintiff received another call from Defendant.

15. Between February 26, 2016 to March 1, 2016, Plaintiff was called no less than nineteen (19) times after requesting that she no longer be called.

16. On March 19, 2016, Plaintiff received no less than eight (8) calls at the following times: 12:11 p.m.; 1:24 p.m.; 2:28 p.m.; 4:38 p.m.; 5:34 p.m.; 6:45 p.m.; 7:58 p.m. and 8:57 p.m. from (901) 530-1681.

17. On March 20, 2016, Plaintiff received no less than eight (8) calls at the following times: 12:12 p.m.; 1:33 p.m.; 2:51 p.m.; 4:09 p.m.; 6:00 p.m.; 6:45 p.m.; 7:37 p.m. and 8:29 p.m.

18. On March 22, 2016, Plaintiff received no less than seven (7) calls at the following times: 1:14 p.m.; 2:32 p.m.; 3:44 p.m.; 4:58 p.m.; 5:52 p.m.; 7:26 p.m.; and 8:27 p.m.

19. On March 26, 2016, Plaintiff received no less than seven (7) calls at the following times: 12:12 p.m.; 1:30 p.m.; 2:43 p.m.; 4:45 p.m.; 6:35 p.m.; 7:50 p.m.; and 8:39 p.m.

20. On March 29, 2016, Plaintiff received no less than eight (8) calls at the following times: 12:10 p.m.; 1:34 p.m.; 2:39 p.m.; 3:46 p.m.; 5:28 p.m.; 6:33 p.m.; 7:32 p.m.; and 8:32 p.m.

21. On March 31, 2016, Plaintiff received no less than seven (7) calls at the following times: 12:15 p.m.; 1:22 p.m.; 2:56 p.m.; 4:19 p.m.; 6:03 p.m.; 7:16 p.m.; and 8:18 p.m.

22. Upon information and belief, between February 20, 2016 to March 31, 2016, Plaintiff was called no less than ninety-four (94) times after repeatedly requesting that she no longer be called.

23. Upon information and belief, calls were made by the Defendant to Plaintiff's cell phone after Plaintiff's multiple requests not to be contacted, with the intent to harass Plaintiff into making a payment on the account.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

### COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant's conduct violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or

prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27. Defendant willfully and knowingly violated the TCPA when it called Plaintiff on her cellular phone after Plaintiff had revoked her consent to be called.

28. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II – (Violations of FCCPA, FLA. STAT. §559.72)

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. FLA. STAT. §559.72(7) states that in collecting consumer debts, no person shall: willfully communicate with the debtor or any member of her or his family with such frequency as can be reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

31. FLA. STAT. §559.730 states that no person shall be precluded from pursuing remedies under the FDCPA, 15 U.S.C. § 1692 for any violation of such act, including specifically against any person who is exempt from the registration provisions of this part.

32. Defendant violated FLA. STAT. § 559.72 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

33. Defendant willfully and knowingly violated the FCCPA when it called Plaintiff with such frequency as to abuse or harass.

34. Defendant's acts were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the foregoing violations of the FCCPA, Defendant is liable to Plaintiff under FLA. STAT. §559.77 for actual damages, statutory damages, and attorney's fees and costs.

**WHEREFORE**, Plaintiff, Cynthia Sessions, respectfully requests judgment be entered against Defendant, Credit One Bank, N.A. for the following:

   A. Actual damages and Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B), 47 U.S.C. § 227(b)(3)(C) and FLA. STAT. § 559.77(2);

   B. Punitive damages pursuant to FLA. STAT. § 559.77(2);

   C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(3), and FLA. STAT. § 559.77(2); and

   D. Any other relief that this Honorable Court deems appropriate.

//

1

RESPECTFULLY SUBMITTED,

Dated: May 16, 2016

2

By: /s/ Luan Mai

Luan Mai, Esq. (FL Bar: 107006)

3

1204 E. Baseline Road. Suite 102
Tempe, AZ 85283

4

luan@pricelawgroup.com
Attorneys for Plaintiff, Cynthia Sessions

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25